# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EVERETT DYSON,

        Petitioner,            Case Number: 5:17-CV-10006

v.                                 HON. JOHN CORBETT O'MEARA
                                  UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner Everett Dyson, a Michigan state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317. Respondent has filed a motion to dismiss, arguing that the petition should be denied because it is untimely. The Court finds the petition for a writ of habeas corpus is untimely and grants Respondent's motion. The Court denies Petitioner a certificate of appealability.

### II. Procedural Background

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of second-degree murder in the shooting death of Kevin Dubose. On October 30, 1990, he was sentenced to a parolable life sentence.

Petitioner filed an appeal of right in the Michigan Court of Appeals, arguing that

the trial court erred in admitting the decedent's statements as dying declarations, the jury should not have been instructed on first-degree murder, and the sentence was disproportionate. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Dyson*, No. 135802 (Mich. Ct. App. Aug. 8, 1994). Petitioner moved for rehearing, raising additional claims that his trial attorney was ineffective, the verdict was against the great weight of the evidence, and his appellate attorney was ineffective. The Michigan Court of Appeals denied rehearing. *People v. Dyson*, No. 135802 (Mich. Ct. App. Dec. 7, 1994). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Dyson*, 450 Mich. 875 (Mich. 1995).

On January 9, 1997, Petitioner filed a petition for writ of habeas corpus in this Court. The Court dismissed the petition without prejudice for failure to exhaust state court remedies. *Dyson v. Elo*, No. 2:97-cv-70107 (E.D. Mich. Nov. 26, 1997).

On March 6, 1998, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. 1/29/1999 Order, ECF No. 6-7, Pg. ID 214. In February 1999, Petitioner filed a timely motion for reconsideration. The trial court did not address the motion until July 25, 2014, when it issued an order denying the motion for reconsideration. 7/25/2014 Order, ECF No. 2, Pg. ID 117. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. *People v. Dyson*, No. 325621 (Mich. Ct. App. June 22, 2015). On October 26, 2016, the Michigan Supreme Court also denied leave to appeal. *People v. Dyson*, 500 Mich. 880 (Mich. 2016).

Petitioner filed the pending habeas petition on January 3, 2017.

### III. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Prisoners whose convictions became final before the AEDPA's effective date are allowed one year from the AEDPA's effective date to file their federal habeas petitions. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). In this case, the one-year limitations period commenced on April 24, 1996. Petitioner filed his first habeas petition on January 9, 1997. Although the limitations period ordinarily is not tolled

3

while a federal habeas corpus petition is pending, *Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2002) (citing *Duncan v. Walker*, 533 U.S. 167 (2001)), the Court will assume for purposes of this case that the limitations period was tolled while Petitioner's first habeas corpus petition was under consideration in federal court. The limitations period, thus, commenced on April 24, 1996, and continued to run until 260 days later, January 9, 1997, when it was tolled by the filing of Petitioner's first habeas petition. The limitations period, of which 105 days remained, resumed running on November 26, 1997, when the Court dismissed the habeas petition without prejudice. The limitations period continued to run, uninterrupted, until it expired on March 12, 1998. Petitioner's state court motion for relief from judgment, filed March 26, 1998, did not toll or reset the expired limitations period.

Petitioner admits that his petition was not timely filed, but argues that his showing of actual innocence excuses the untimeliness. The Supreme Court has held that a showing of actual innocence overcomes AEDPA's statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *citing Souter*, 395 F.3d at 596. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not

presented at trial." *Schlup*, 513 U.S. at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (*quoting Schlup*, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*Id.* at 538.

Petitioner's actual innocence claim relates to potential alibi witnesses and an alleged failure to investigate. First, he argues that defense counsel failed to call alibi witnesses despite filing a notice of alibi and arguing in opening statement that Petitioner was somewhere else at the time of the murder. Petitioner provides no affidavit or any other offer of proof demonstrating that the alibi witnesses were willing to testify or what their testimony would have been. This speculative claim is insufficient to satisfy *Schlup*'s demanding standard for "new reliable evidence" of actual innocence. *Schlup*, 513 U.S. at 329. *Accord Townsend v. Lafler,* 99 Fed. App'x 606, 610 (6th Cir. 2004) (holding that habeas petitioner failed to support theory of actual innocence in absence of an affidavit from the person who

5

presumably would have provided information that someone else committed the crime).

Second, Petitioner argues that the evidence against him was weak and further investigation of masks found near the crime, a piece of tape, and other evidence found at the crime scene would have led to Petitioner's acquittal. Petitioner offers no support for his conclusory claim that this further investigation would have yielded evidence favorable to his defense. Petitioner's conclusory, vague allegations of actual innocence are insufficient to equitably toll the limitations period.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Having undertaken the requisite review, the Court concludes that jurists of reason would not find debatable the Court's conclusion that the petition was not timely filed.

## V. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 5) and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/John Corbett O'Meara<br>United States District Judge

Date: August 24, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 24, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager