**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EVERETT DYSON,

                Petitioner,                 Case Number: 5:17-CV-10006

v.                                          HON. JOHN CORBETT O'MEARA
                                             UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

                Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION FOR RECONSIDERATION (ECF # 9), REOPENING CASE,
REQUIRING SUPPLEMENTAL BRIEFS, AND DIRECTING
RESPONDENT TO FILE THE RELEVANT STATE COURT RECORD**

Michigan state prisoner Everett Dyson, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenged his conviction for second-degree murder, Mich. Comp. Laws § 750.317. Respondent filed a motion to dismiss, arguing that the petition should be denied because it is untimely. The Court granted the motion. Now before the Court is Petitioner's motion for reconsideration.

To prevail on a motion for reconsideration, the movant must demonstrate a palpable error by which the court and the parties have been mislead, and that correction of the error will result in a different disposition of the case. *See* E.D. Mich. LR 7.1(h)(3). In granting Respondent's motion to dismiss, the Court rejected Petitioner's claim that his late filing should be excused based upon his actual innocence. Petitioner's actual innocence claim related to potential alibi witnesses and an alleged failure to investigate.

Petitioner argued that defense counsel failed to call alibi witnesses despite filing a notice of alibi and arguing in opening statement that Petitioner was somewhere else at the time of the murder. The Court found this claim unpersuasive because Petitioner failed to provide an affidavit or any other offer of proof demonstrating that the alibi witnesses were willing to testify or what their testimony would have been. The Court found this claim too speculative to satisfy the demanding standard for "new reliable evidence" of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

In his motion for reconsideration, Petitioner states that he mistakenly omitted affidavits from three alibi witnesses whose testimony would have supported his claim of actual innocence. These affidavits, all executed in 1994, support Petitioner's claim that he had an alibi defense. However, the Court is unable at this time assess "what reasonably, properly instructed jurors would do" based upon "*all* of the evidence, old and new, incriminating and exculpatory" because the State did not file trial transcripts or appellate briefs in support of its motion to dismiss. *House*, 547 U.S. at 538. Without the state court record, the Court cannot evaluate the "total record." *Id.* Thus, the Court will reopen this proceeding and order supplemental briefs and the filing of the state court record.

Accordingly, IT IS ORDERED that Petitioner's Motion for Reconsideration (ECF No. 9) is GRANTED and the matter is REOPENED.

IT IS FURTHER ORDERED that by March 30, 2018, Respondent must file: a supplemental brief addressing the actual innocence claim in light of the witness affidavits;

and the relevant state court record, including state court trial transcripts. Petitioner shall have 45 days from the filing of Respondent's supplemental brief to file a response to the supplemental brief.

                                                        s/John Corbett O'Meara
                                                        United States District Judge

Date: January 31, 2018

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 31, 2018, using the ECF system and/or ordinary mail.

                                                        s/William Barkholz
                                                        Case Manager